**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1995**

KIMBERLY D. COLLINS,

     Plaintiff - Appellant,

  v.

GWENDOLYN THORNTON, Ph.D.,

     Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:18-cv-00210-HEH)

Submitted: June 28, 2019       Decided:  August 13, 2019

Before MOTZ and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard F. Hawkins, III, THE HAWKINS LAW FIRM, PC, Richmond, Virginia, for Appellant.  Mark R. Herring, Attorney General, Cynthia V. Bailey, Deputy Attorney General, Carrie S. Nee, Senior Assistant Attorney General, Toby J. Heytens, Solicitor General, Matthew R. McGuire, Principal Deputy Solicitor General, Michelle S. Kallen, Deputy Solicitor General, Brittany M. Jones, John Marshall Fellow, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Ramona L. Taylor, University Legal Counsel, VIRGINIA STATE UNIVERSITY, Petersburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly D. Collins appeals from the district court's June 27, 2018, order denying her motion to extend time to serve her 42 U.S.C. § 1983 (2012) complaint on Defendant and dismissing it without prejudice under Fed. R. Civ. P. 4(m) for untimely service and its July 27, 2018, order denying her Fed. R. Civ. P. 59(e) motion to alter or amend that judgment. We affirm.

We review the dismissal of a complaint for failure to timely serve process for abuse of discretion. *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir. 1993) (applying Rule 4(m)'s predecessor, Fed. R. Civ. P. 4(j)). We also review the district court's decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). "A district court abuses its discretion only where it has acted arbitrarily or irrationally, has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises." *L.J. v. Wilbon*, 633 F.3d 297, 304 (4th Cir. 2011) (internal quotation marks, alteration, and ellipsis omitted).

Rule 4(m) requires a plaintiff to serve a defendant within 90 days after her complaint is filed. Fed. R. Civ. P. 4(m). A plaintiff may escape dismissal for failure to timely serve process if she demonstrates "good cause" for the delay or if the district court exercises its discretion to extend the time for service. *Id.* With respect to the June 27 order, Collins argues on appeal that the district court abused its discretion in denying her motion to extend time to complete service for three reasons.

2

First, Collins argues that her motion to extend was "governed by" Fed. R. Civ. P. 6(b)(1)(A) because it was filed before the expiration of the 90-day service deadline set forth by Rule 4(m) and that the district court reversibly erred in failing to apply what she characterizes as the "liberal, non-rigorous, light, and lenient standard applied to pre-deadline motions for extension filed under Rule 6(b)(1)(A)." As Collins acknowledges, however, and as the record reflects, her motion to extend explicitly sought an extension under Rule 4 and explicitly asserted that "good cause" under this Rule had been established. The motion did not invoke Rule 6. "Absent exceptional circumstances, . . . we do not consider issues raised for the first time on appeal. Rather, we consider such issues on appeal only when the failure to do so would result in a miscarriage of justice." *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 242 (4th Cir. 2009) (internal quotation marks and citation omitted). Collins has not argued that exceptional circumstances are present or that a miscarriage of justice would result if this Court failed to consider her arguments, and we find after review of the record no such circumstances warranting departure from the general rule. We therefore decline to consider these arguments on appeal.

Next, Collins argues that the district court's denial of her motion for extension of time was an abuse of discretion because the court did not "discuss or evaluate" whether she or her counsel had acted in bad faith or whether any prejudice to the defendant existed, reached its conclusion that she had not demonstrated good cause or excusable neglect without providing "any" legal analysis of applicable factors, and erred in concluding she had not established good cause warranting the extension. Although other provisions of the

Federal Rules of Civil Procedure expressly instruct a district court to consider whether a party has acted in bad faith or whether granting a particular request will cause prejudice, Rule 4(m) does not so instruct. Rather, the Rule directs that, if the plaintiff shows "good cause" for her failure to serve the complaint in a timely manner, then the district court must "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). What constitutes "good cause" for purposes of Rule 4(m) "necessarily is determined on a case-by-case basis within the discretion of the district court." *Scott v. Md. State Dep't of* Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (No. 15-1617); Nafziger *v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) ("Establishing good cause is the responsibility of the party opposing the motion to dismiss . . . and necessitates a demonstration of why service was not made within the time constraints." (internal quotation marks omitted)).

Here, the district court concluded that Collins had failed to demonstrate good cause based on the representation of Collins's counsel in the motion to extend concerning his own course of conduct regarding his compliance with the 90-day service deadline. Collins has not shown that the district court abused its discretion in reaching this conclusion.

Counsel's representations in the motion—the only pleading before the court requesting extension—established that he did not even attempt to complete service or obtain a waiver of service until there were 6 days left in the 90-day service period. Counsel also did not seek an extension of time to effect service until the last day of the 90-day service period. Entirely absent from the motion, however, is any explanation as to why counsel waited approximately two months after issuance of the summons to attempt service and further failed to complete service or obtain a waiver of service within the 90-day

4

period.  The district court properly reached its conclusion that no good cause was present by considering and analyzing appropriate factors before it bearing on whether Collins's counsel was diligent in his effort to effect service.

Third, Collins appears to contend that the district court erred in its legal analysis underpinning its good cause determination by not applying a list of eight factors identified in a district court decision, *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577 (E.D. Va. 2016), a list of six factors recited in this court's unpublished opinion *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299 (4th Cir. 2016) (No. 15-1617), or both.  These cases, we conclude, do not help Collins.  Neither decision sets out factors district courts in this Circuit must consider in assessing whether good cause warranting an extension of time for service is present under Rule 4(m).  In focusing on the information Collins's counsel presented in the motion to extend regarding his efforts at service, the district court did not abuse its discretion as Collins contends.  Further, as there is no evidence the court relied on an erroneous factual or legal determination in denying the motion to extend, an abuse of discretion in this regard has not been established.

Turning to the district court's July 27 order denying Collins's Rule 59(e) motion to alter or amend judgment, such a motion may only be granted "in three situations:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield*, 674 F.3d at 378 (internal quotation marks omitted).  Collins argues that the district court abused its discretion in denying the motion in three respects:  first, because no extension of time for service actually was necessary because timely and proper service

5

on Defendant had been made; second, because the court's determination that the record did not establish good cause for an extension was erroneous; and third, because the court gave insufficient weight to the consideration that dismissal of her complaint without prejudice was, in effect, a dismissal with prejudice because she filed her complaint on the last day of the applicable statute of limitations.

We find no abuse of discretion in the district court's denial of Collins's Rule 59(e) motion. As the district court held, Collins's legal theory that no extension of time for service was necessary failed because she did not show that Defendant's assistant was authorized by appointment or by law to accept service on Defendant's behalf. *See* Fed. R. Civ. P. 4(e)(2)(C).

In addition, Collins's Rule 59(e) argument on good cause merely reiterated facts presented in her motion to extend and relied on both legal arguments and factual circumstances she could have raised in that motion but did not. The same is true with respect to Collins's third contention. Collins could have, but failed to, assert prior to the June 27 order that dismissal of her complaint would have been a harsh and unwarranted outcome in view of the likely bar to future litigation she faced based on the statute of limitations. Because Rule 59(e) motions may not be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party

6

had the ability to address in the first instance. . . . The Rule 59(e) motion [also] may not be used to relitigate old matters." (internal quotation marks omitted)), the denial of Collins's motion was not an abuse of discretion.[*]

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We further conclude that Collins's motion did not plausibly suggest or establish the presence of a manifest injustice or a clear error of law in the district court's June 27 denial and dismissal order.